CV 15                1623

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

NOEL LOPEZ,

               Plaintiff,

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
TODD HANSEN, Shield # 13329,
75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 75th Precinct,
            Defendant(s).
-----------------------------------------------------X

**COMPLAINT &**
**JURY DEMAND**

MATSUMOTO, J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, NOEL LOPEZ, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections

–1–

2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.


**VENUE**

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

**PARTIES**

7. The Plaintiff, NOEL LOPEZ is a United States Citizen of Latino descent, and is, and at all times relevant herein, a resident of the State and City of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER TODD HANSEN, of the 75th Precinct, and NEW YORK CITY POLICE OFFICER JOHN DOE, upon information and belief also of the 75th Precinct, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants NEW YORK CITY POLICE OFFICERS HANSEN and DOE are sued individually and in their official capacity. At all times relevant Defendants NEW YORK CITY POLICE OFFICERS HANSEN and DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in

–2–

conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY POLICE OFFICERS HANSEN and DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On January 17, 2014 at approximately 4:30 a.m. Plaintiff had just left his brother's house located in the vicinity of Dumont Avenue and Hendricks Place in Brooklyn, when a dark colored Crown Victoria sedan pulled up on his right side and the driver of the vehicle,

–3–

Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN, ordered the Plaintiff to come over to the car. Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN then asked the Plaintiff where he was going. The Plaintiff then pointed up the street, and told Defendant NEW YORK CITY POLICE OFFICER HANSEN that he was "going home, right up the block, why, what happened?" Defendant NEW YORK CITY POLICE OFFICER HANSEN and Defendant NEW YORK CITY POLICE OFFICER DOE then exited the squad car and Defendant NEW YORK CITY POLICE OFFICER HANSEN proceeded to conduct a "pat down" search of the Plaintiff, while stating to the Plaintiff in sum and substance, "you have any weapons on you, anything sharp?" Before the Plaintiff could answer, Defendant NEW YORK CITY POLICE OFFICER HANSEN then stated in sum and substance: "my partners not going to find anything behind that truck right?" In response, the Plaintiff asked Defendant NEW YORK CITY POLICE OFFICER HANSEN in sum and substance: 'why would he?" The Plaintiff then heard Defendant NEW YORK CITY POLICE OFFICER DOE, yell something to Defendant NEW YORK CITY POLICE OFFICER HANSEN, whereupon Defendant NEW YORK CITY POLICE OFFICER HANSEN forcefully spun the Plaintiff around then pushed the Plaintiff up against a wall and placed the Plaintiff in handcuffs. The Plaintiff then observed Defendant NEW YORK CITY POLICE OFFICER DOE walking back toward the Plaintiff and Defendant NEW YORK CITY POLICE OFFICER HANSEN, holding a black sock. The Plaintiff stated in sum and substance to both Defendant Officers, "whatever that is, it isn't mine", to which Defendant NEW YORK CITY POLICE OFFICER HANSEN stated in sum and

substance "you know what it is."  Within a few minutes the Plaintiff observed another unmarked New York City Police vehicle, a gray Impala, pull up to the location.  The Plaintiff was then transported to the 75th Precinct, where a member of THE NEW YORK CITY POLICE DEPARTMENT that the Plaintiff had observed in the gray Impala, proceeded to fingerprint the Plaintiff. The Plaintiff was placed in a holding cell at the 75th precinct until approximately 4:00 p.m., whereafter he was transported to Central Booking, where the Plaintiff was subjected to another search of his person. The Plaintiff was eventually arraigned upon felony weapons charges based upon false allegations levied against the Plaintiff by Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN.  The Court set bail in the amount of $50,000.00 and the Plaintiff remained in custody until he testified before the Grand Jury, which dismissed the criminal charges against the Plaintiff, whereafter the Plaintiff was released on January 22, 2014 after five (5) days of custody.  Subsequently, on February 10, 2014, the NEW YORK STATE DIVISION OF PAROLE arrested the Plaintiff on a parole violation which was based upon the Plaintiff's false arrest by Defendants, NEW YORK CITY POLICE OFFICERS TODD HANSEN and JOHN DOE. The Plaintiff's unlawful arrest was deemed to be a violation of the conditions of parole and the Plaintiff was unlawfully and unjustifiably incarcerated for forty five (45) additional days.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, False Arrest**

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on January 17, the conduct of Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff, without lawful reason or cause.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, False Arrest

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on February 5, 2014 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE JEROME occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm

to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution- Malicious Prosecution**

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, on August 30, 2013 the conduct of Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely accusing and prosecuting the Plaintiff, alleging that the Plaintiff possessed a weapon.

20. That the actions of Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth**

**Amendments to the United States Constitution- Malicious Prosecution**

21. The Plaintiff incorporates y reference each of the allegations contained in Paragraphs One (1) through Twenty (20 as if fully set forth herein.

22. That upon information and belief, on August 30, 2013 the conduct of NEW YORK CITY POLICE OFFICER JOHN DOE acting under color of state Law, violated Section 42 U.S.C. 1983 by

falsely accusing and prosecuting the Plaintiff, alleging that the Plaintiff possessed a weapon.

23.  That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the scope of his duties as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth Amendments to the United States Constitution-Due Process Violations

24.  The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25.  That upon information and belief, on August 30, 2013 the conduct of Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN violated Section 42 U.S.C. 1983 by unlawfully, and without basis in fact or law, arresting the Plaintiff, such arrest causing the NEW YORK STATE DIVISION OF PAROLE to violate the Plaintiff's conditions of parole, resulting in the Plaintiff being held in custody for an additional forty five days, and changing the Plaintiff's curfew hours, resulting in the loss of employment.

26.  That the actions of Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN occurred in and during the scope of his duties as a New York City Police Officer and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983, the Fourth and Fourteenth

### Amendments to the United States Constitution- Due Process Violations

27. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Six )26) as if fully set forth herein.

28. That upon information and belief, on May 27, 2011 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff without basis in law or fact, such arrest causing THE NEW YORK STATE DIVISION OF PAROLE to violate the Plaintiff's conditions of parole, resulting in the Plaintiff being held in custody for an additional forty five days and changing the hours of Plaintiff's curfew resulting in the loss of employment.

29. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the scope of his duties as a New York City Police Officer and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIRST STATE LAW CLAIM

30. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants NEW YORK CITY POLICE OFFICER TODD HANSEN, resulted in the negligent infliction of emotional distress to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SECOND STATE LAW CLAIM

32. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs

One (1) through Thirty One (31) as if fully set forth herein.

33.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE resulted in the negligent infliction of emotional distress to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

34.  The Plaintiff by reference incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Three (33) as if fully set forth herein

35.  That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER TODD HANSEN, which resulted in the detention, public humiliation, embarrassment and emotional distress to Plaintiff resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH STATE LAW CLAIM

36.  The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37.  That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, which resulted in the detention, public humiliation, embarrassment and emotional distress to Plaintiff resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

    1. Compensatory Damages for Plaintiff.

    2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICERS TODD HANSEN and JOHN DOE.

    3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

    4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 25, 2015
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com

−11−